**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1341
_____

UNITED STATES OF AMERICA

v.

MICHAEL PROTACK,
                              Appellant

_____

On appeal from the United States District Court
for the District of Delaware
(D.C. No. 1:21-cr-00042-001)
U.S. District Judge: Honorable Richard G. Andrews
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on January 24, 2023

Before: GREENAWAY, JR., BIBAS, and FUENTES, *Circuit Judges*

(Filed: January 24, 2023)
_____

**OPINION**[*]
_____

**BIBAS**, *Circuit Judge*.

Michael Protack threatened to murder his wife. When she filed for divorce, he also

threatened her divorce lawyer. For several years, he sent them harassing and threatening

letters. At least two of the letters to the lawyer were death threats. The first stated, "You

_____

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

won't know when, where or how but your end has been written. Take the time and put your affairs in order because they will not find your body for weeks." Supp. App. 108. The second was a photo of a dead young boy with a quarter of his head blown off. Based on these two letters, Protack was charged with two counts of mailing threatening communications under 18 U.S.C. § 876(c). He pleaded guilty to both.

At sentencing, the government argued that a third, uncharged letter was also a threat. The lawyer received this third letter about two weeks after the second. It included a picture of a penis and said, "Hey there teenie weenie I drive past your office every day." Supp. App. 71. The District Court agreed that this letter was a threat, so it applied the two-level enhancement for making more than two threats. *See* U.S.S.G. § 2A6.1(b)(2).

Protack appeals, arguing that the enhancement does not apply for two reasons: First, he says the government failed to prove that he was the third letter's author. Second, he says the third letter was not a threat because (a) it could not reasonably have been received as a threat, and (b) he did not intend or know that it would be received as a threat. All these arguments are factual. So the District Court needed to find each fact by a preponderance of the evidence. *United States v. Grier*, 475 F.3d 556, 568 (3d Cir. 2007) (en banc).

Protack failed to make the authorship argument to the District Court. He disagrees, claiming that he "always posited that [the enhancement] was inapplicable." Reply Br. 1. But "merely raising an *issue* that encompasses the appellate argument is not enough." *United States v. Joseph*, 730 F.3d 336, 337 (3d Cir. 2013) (emphasis in original). Because he did not "raise[] the same *argument* in the District Court," we review for plain error. *Id.* (emphasis in original); *see* Fed. R. Crim. P. 52(b).

2

And the District Court did not err, let alone plainly err. The addresses on the second and third letters were written similarly. And they arrived within weeks of each other. These facts, plus Protack's general "campaign of terror," were sufficient evidence that he sent the third letter. App. 85. And he points to no contrary evidence. He notes that the lawyer might have dealt with other contentious divorces, but nothing suggests that any other divorcing spouse sent a similar series of menacing letters. So the preponderance of the evidence favors the government, especially when evaluated for plain error.

As for whether the third letter was a threat, we review the District Court's findings for clear error. *Grier*, 475 F.3d at 570. To decide whether a communication was a threat, factfinders must "consider the context and circumstances." *United States v. C.S.*, 968 F.3d 237, 244 (3d Cir. 2020) (internal quotation marks omitted). So the District Court rightly emphasized Protack's "campaign of harassment." App. 72. And with that campaign in mind, it did not clearly err in finding that a reasonable person would read "I drive past your office every day" as a threat.

Nor did the District Court clearly err in finding that Protack knew or intended the letter to be threatening. He contends that it was merely "intended to humiliate," not threaten. Reply Br. 5. But the letter was one in a series, and at least two others in that series were intentional or knowing threats. And that series had a purpose: to terrorize the lawyer and gain an advantage in the divorce proceedings. The District Court properly used that circumstantial evidence to infer that the third threat was similarly knowing or intentional. So we will affirm.